486

# CIRCUIT COURT OF LOUDOUN COUNTY

Mark J. Babbitt

v.

Rosalba Negrete Lopez

September 3, 2009

Case No. (Civil) CJ09-06

BY JUDGE JAMES H. CHAMBLIN

This appeal from the Loudoun Juvenile and Domestic Relations District Court (JDR Court) came before the Court for hearing on July 27, 2009, on the Petition filed by Rosalba Negrete Lopez, seeking support from Mark J. Babbitt for the parties' four minor children. Upon consideration of the evidence presented and the argument of Mr. Whitbeck and Mr. Babbitt, I rule as follows.

1. Mr. Babbitt shall pay child support to Ms. Lopez in the amount of $1,404.00 per month, retroactive to May 1, 2008, when Ms. Lopez filed her petition in JDR Court.

2. Mr. Babbitt is entitled to a credit of $11,376.90 for payments made after May 1, 2008, and up to the date of the hearing leaving an arrearage of $9,683.10.

3. The arrearage of $9,683.10 shall be curtailed at the rate of $200.00 per month commencing October 1, 2009, with the arrearage to be paid in full on or before September 1, 2010.

4. Ms. Lopez is granted an award of attorney's fees in the amount of $3,000.00 to be paid by Mr. Babbitt on or before December 1, 2009.

5. Commencing with the tax year 2008, Ms. Lopez is granted the income tax dependency exemption for Francisca and Michelle, and Mr. Babbitt is granted the exemption for Nicole and Mark.

6. Mr. Babbitt's child support obligation (basic amount plus arrearage curtailment) shall be paid by income deduction order.

7. Mr. Babbitt shall be responsible for 100% of any reasonable and necessary unreimbursed medical or dental expenses in excess of $250.00 for any calendar year for each child.

*Findings of Fact*

The parties have four minor children, Francisca, Michelle, Nicole and Mark. Ms. Lopez has no income. There is no claim that she is voluntarily unemployed.

I find Mr. Babbitt's gross income to be $4,740.00 per month. The only evidence of his income is his paycheck record for a payment made by his employer, Dell, on November 14, 2008, for the pay period of October 27, 2008, through November 9, 2008. Defendant's Exhibit 1. While it shows that Mr. Babbitt makes $20.34 per hour, the better way to calculate his income is to base it on his year to date gross income.

Mr. Babbitt had a year to date gross income of $48,780.62 through November 9, 2008, or through 313 days of 2008. This is $155.85 per day, which extrapolates to $56,885.25 per year or $4,740.44 per month.

Ms. Lopez argues that the "Pre-tax Deductions" shown on the pay record should be added to his income. I disagree. These deductions come out of Mr. Babbitt's pay before his income tax is calculated. They are not additional income items. They do not represent anything extra paid to Mr. Babbitt by Dell.

I find that Mr. Babbitt has made the following payments toward his child support obligation since May 1, 2008:

| Date of Payment | Amount |
| --- | --- |
| August 2008 | $3,000.00 |
| December 2008 | 900.00 |
| January 2009 | 1,300.00 |
| February 2009 | 1,100.00 |
| March 2009 | 1,015.38 |
| April 2009 | 1,015.38 |
| May 2009 | 1,015.38 |
| June 2009 | 1,015.38 |
| July 2009 | 1,015.38 |
| Total | $ 11,376.90 |

My finding as to the payments in March through July 2009 is based upon the testimony of Ms. Lopez that she has received $1,015.38 per month through the Division of Child Support Enforcement (DCSE) pursuant to the JDR Court income deduction order entered January 22, 2009.

Mr. Babbitt testified extensively about his dealings with DCSE, and he offered into evidence several things he received from DCSE. He did not understand, and I do not understand, much of the DCSE information provided to him. I choose, therefore, to base my findings on the testimony of the recipient of funds from DCSE.

### Conclusions of Law

The presumptive amount of child support to be paid by Mr. Babbitt is $1,404.00 per month as shown on the attached Child Support Guideline Worksheet.

I find no reason to deviate. I notice that the JDR Court did deviate in setting the amount of child support based upon the cost of Mr. Babbitt's visitation. I cannot do so because there was no evidence of the cost of such visitation presented by Mr. Babbitt. He did not argue for such a deviation.

Mr. Babbitt shall pay Ms. Lopez the sum of $1,404.00 per month commencing May 1, 2008, for the support of the parties' four minor children. Such amount shall be due on the first day of each month retroactive to May 1, 2008, and on the first day of each month thereafter as required by law.

Mr. Babbitt owes child support for fifteen months through the date of the hearing, May 1, 2008, through July 1, 2009, for a total of $21,060.00. As stated above, Mr. Babbitt has made payments toward child support totaling $11,376.90. This leaves an arrearage of $9,683.10. Mr. Babbitt shall curtail this arrearage at the rate of $200.00 per month commencing October 1, 2009, with the arrearage being due and payable in full on or before September 1, 2010.

As Ms. Lopez has substantially prevailed and Mr. Babbitt is clearly in a better economic position than Ms. Lopez, she is granted an attorney's fee award of $3,000.00 to be paid on or before December 1, 2009.

The income tax dependency exemptions commencing with the tax year 2008 are allocated as follows:

| To | For |
| --- | --- |
| Ms. Lopez | Francisca and Michelle |
| Mr. Babbitt | Nicole and Mark |

The parties shall execute the appropriate tax forms and waivers to affect this income tax dependency exemption allocation.

Mr. Babbitt's child support obligation, including the payment of the arrearage, shall be paid by a new income deduction order, except that the final payment of the arrearage due on or before September 1, 2010, shall be paid directly to Ms. Lopez.

Pursuant to Va. Code § 20-108.2(D) and because Mr. Babbitt has all the income, he shall be responsible for 100% of the reasonable and necessary unreimbursed medical and dental expenses that are in excess of $250.00 per any calendar year for each child. He shall pay such expenses within thirty days of the presentation to him of a bill for any such expense.